UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNIE P. SMITH,

                               Plaintiff,

-against-

SERGEANT ERIC HALSTEAD #039, *et al.*,

                               Defendants.

7:24-CV-6855 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff Donnie P. Smith, who is appearing *pro se* and is currently held in the Orange County Jail ("OCJ"), in Goshen, New York, brings this action asserting claims of violations of his federal constitutional rights. He seeks damages and injunctive relief against: (1) OCJ Correctional Sergeant Eric Halstead; (2) OCJ Correctional Officer Angelo Narcise; (3) OCJ Correctional Officer Elijah Ford; (4) OCJ Correctional Lieutenant Shaffer; (5) an unidentified "Jane Doe" nurse employed by Wellpath[1] at the OCJ; (6) Dominick Piacente, a physician employed by Wellpath at the OCJ; (7) Mary Dollard, a nurse employed by Wellpath at the OCJ; and (8) the County of Orange. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. §§ 1983, 1985, 1986, and the Religious Land Use and Institutionalized Persons Act, as well as state law.

      By order dated September 12, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") – that is, without prepayment of fees.[2] The Court: (1) directs service on Halstead, Narcise, Ford, Shaffer, Piacente, Dollard, and the County of Orange; (2) directs

---

[1] Wellpath appears to be a private entity that the County of Orange has hired to provide medical care to prisoners held in the OCJ.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Halstead, Narcise, Ford, Shaffer, and the County of Orange to comply with Local Civil Rule 33.2; (3) directs counsel for Wellpath to provide Plaintiff and the Court with the identity and service address of the unidentified "Jane Doe" nurse defendant; and (4) and directs the Orange County Attorney and counsel for Wellpath to provide certain information to the Court no later than October 17, 2023.

## DISCUSSION

**A.  Service on Halstead, Narcise, Ford, Shaffer, Piacente, Dollard, and the County of Orange**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the complaint, motion for the appointment of counsel, and the proposed order to show cause on Halstead, Narcise, Ford, Shaffer, Piacente, Dollard, and the County of Orange, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for each of those defendants. The Clerk of Court is further instructed to issue summonses for each of those defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service of the complaint, motion for the appointment of counsel, and proposed order to show cause upon those defendants.

---

[3]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

If the complaint, motion for the appointment of counsel, and proposed order to show cause are not served on those defendants within 90 days after the date that summonses for those defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of service, Halstead, Narcise, Ford, Shaffer, and the County of Orange must serve responses to those standard discovery requests. In their responses, those defendants must quote each request verbatim.[4]

**C.     The unidentified "Jane Doe" nurse defendant**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and service address. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit Wellpath to ascertain the identity and service address of the unidentified "Jane Doe" nurse defendant; she is the Wellpath-employed nurse who was assigned to the OCJ clinic on April 19, 2024, who is not

---

[4] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

3

named as an identified defendant in this action but who is alleged to have been present when Plaintiff was brought to the OCJ clinic on that date. It is therefore ordered that counsel for Wellpath must ascertain the identity and service address of the unidentified "Jane Doe" nurse defendant. Counsel for Wellpath must provide this information to the Court and to Plaintiff within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individual as a defendant and providing her service address. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendant.

D.   **Request for Temporary Restraining Order and Preliminary Injunction**

Plaintiff has sought a temporary restraining order and a preliminary injunction that provides in essence that he have no contact with certain correction officers and supervisors, who he alleges are harassing and retaliating against him and who he fears will cause him physical harm; that he not be housed in unconstitutionally harsh conditions; and that he be provided with adequate medical care. "A preliminary injunction is an extraordinary and drastic remedy that should be granted only where the moving party establishes (1) a likelihood of success on the merits, (2) a likelihood that it will suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of hardships tips in its favor, and (4) that the public interest is not disserved by relief." *J.D. Workforce, Inc. v. Gafoor*, No. 22-CV-7930, 2022 WL 21306403, at *1 (E.D.N.Y. Dec. 30, 2022).  "Irreparable harm must be shown by the moving party to be imminent, not remote or speculative." *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990).

Plaintiff has alleged past violations of his rights, and although he may fear future violations, he has not shown that they are imminent. Further, an order directing that corrections officers and supervisors be separated from an inmate would be a significant intrusion on the operations of the facility (especially a relatively small one like OCJ), and if such an order were to issue whenever an inmate alleged misconduct by officers, it would wreak havoc on jails and correctional facilities – a result inconsistent with the deference courts should pay to administrators of such facilities. *See Bell v. Wolfish*, 441 U.S. 520, 548 (1979); 18 USC 3626. Finally, the court cannot simply order adequate medical care or constitutional conditions of confinement, because "[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." *S. C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001).

Because of the seriousness of Plaintiff's allegations, however, the Court directs that the Orange County Attorney and counsel for Wellpath inquire into the situation; ensure that Defendants understand their legal obligations, including the obligation to refrain from retaliation; and respond to the Court regarding Plaintiff's status (including medical care, religious observance and access to drinking water) no later than October 17, 2024.[5]

---

[5] Plaintiff also seeks the appointment of counsel.  The Court has no authority to appoint counsel in civil cases. The most it can do is to see if there is a lawyer who would volunteer to take Plaintiff's case. There are many more unrepresented litigants seeking counsel than there are volunteers, and even those willing to volunteer usually are interested only when the case is much closer to trial. Under *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), in determining whether to seek a volunteer, I must first consider whether the claims are likely to be of substance. At this stage, it is too early to tell. Even if they were, I would then have to consider "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at  61-62.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court directs service on Defendants Halstead, Narcise, Ford, Shaffer, Piacente, Dollard, and the County of Orange.

The Court also directs the Clerk of Court to: (1) issue summonses for Halstead, Narcise, Ford, Shaffer, Piacente, Dollard, and the County of Orange; (2) complete USM-285 forms with the service addresses for those defendants, and; (3) deliver all documents necessary to effect service of the complaint, motion for the appointment of counsel, and the proposed order to show cause (ECF Nos. 1, 6, 7) on those defendants to the USMS.

Within 120 days of the date of service, Halstead, Narcise, Ford, Shaffer, and the County of Orange must comply with Local Civil Rule 33.2.

The Court further directs the Clerk of Court to mail a copy of this order and a copy of the complaint, motion for the appointment of counsel, and proposed order to show cause (ECF Nos. 1, 6, 7) to counsel for Wellpath at: 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

An amended complaint form is attached to this order.

SO ORDERED.

Dated:   October 3, 2024
         While Plains, New York

_____
CATHY SEIBEL
United States District Judge

---

Here Defendants have not even been served; we do not know if the matter will get to trial; the legal issues are not especially complex; much of the evidence would be within Plaintiff's personal knowledge; and so far Plaintiff is doing a able job protecting his rights. Accordingly, the application is denied without prejudice to renewal at a later stage of the case.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Correctional Sergeant Eric Halstead, Shield No. 039
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

2. Correctional Officer Angelo Narcise, Shield. No. 487
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

3. Correctional Officer Elijah Ford, Shield No. 154
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

4. Correctional Lieutenant Shaffer, Shield No. 021
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

5. Dominick Piacente, M.D.
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

6. Mary Dollard, Nurse
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

7. County of Orange
   Law Department
   255-275 Main Street
   Goshen, New York 10924

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                         Middle Initial                       Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                                      State                              Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6