UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
DONNIE P. SMITH,

                        Plaintiff,

    – against –

SERGEANT ERIC HALSTEAD #039, *et al.*,

                        Defendants.
-------------------------------------------------------------------------x

**ORDER**

No. 24-CV-6855 (CS)

Seibel, J.

    This Order relates to Plaintiff's application for a temporary restraining order and preliminary injunction, (ECF No. 107); my Order of June 29, 2025, denying that application except insofar as it relates to his religious practice and ordering a response on that issue from the County of Orange, (ECF No. 108); and the County's response dated July 14, 2025, (ECF No. 109).

    Plaintiff's application for an injunction regarding his religious practices implicates the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the Free Exercise Clause of the First Amendment. RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Williams v. Annucci*, 895 F.3d 180, 188 (2d Cir. 2018). Under the First Amendment, "[p]rison restrictions that implicate prisoners' constitutional rights – including First Amendment rights – may be upheld only if they are reasonably related to

legitimate penological interests." *Purnell v. Lord*, 952 F.2d 679, 682 (2d Cir. 1992). When assessing an inmate's free exercise claim, "a court must determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers legitimate penological objectives." *Kravitz v. Purcell*, 87 F.4th 111, 128 (2d Cir. 2023). The burden on religious exercise need not be substantial under the First Amendment. *Brandon v. Royce*, 102 F.4th 47, 55 (2d Cir. 2024). Courts evaluate four factors to determine whether a policy or action is reasonably related to legitimate penological interests, including "[1] whether the challenged regulation or official action has a valid, rational connection to a legitimate governmental objective; [2] whether prisoners have alternative means of exercising the burdened right; [3] the impact on guards, inmates, and prison resources of accommodating the right; and [4] the existence of alternative means of facilitating exercise of the right that have only a de minimis adverse effect on valid penological interests." *Henry v. Schiro*, No. 10-CV-7573, 2011 WL 3370394, at *2 (S.D.N.Y. Aug. 2, 2011).

      Plaintiff has not explained in any detail what his religious beliefs require; why the rules of general applicability described by the County (the limitation on the number of necklaces and the rule against pictures on cell walls) burden or substantially burden his religious exercise; or what happened that infringed his rights under RLUIPA or the First Amendment. Plaintiff shall provide an affidavit or declaration on those issues, and a memorandum of law if he wishes, no later than August 14, 2025.

      Within 30 days after receipt of Plaintiff's submission, the County shall respond with affidavits/declarations and a memorandum of law. Its letter of July 14, 2025, (ECF No. 109),

describes rules restricting religious practice but does not explain (except in the vaguest terms, such as "safety and security") what compelling interest is furthered by those rules or why they are the least restrictive means of furthering those interests.  Nor does it address the factors used to determine whether a rule is reasonably related to a legitimate penological interest.  It appears to the Court that if an inmate's religion required him to have a picture on his wall, it would not be permissible for the jail to forbid it solely because there is a rule against pictures on the walls. The jail would have to provide more information about why that rule related to security, safety or a similar interest, and about the other factors described above.

**SO ORDERED.**

Dated: July 15, 2025
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.