UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNIE P. SMITH,

                Plaintiff,

-against-

SERGEANT ERIC HALSTEAD #039, et al.,

                Defendants.

24-CV-6855 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

      Plaintiff Donnie P. Smith, who is appearing *pro se* and is currently held in the Orange County Jail ("OCJ"), in Goshen, New York, brings this action asserting claims of violations of his federal constitutional rights. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. §§ 1983, 1985, 1986, and the Religious Land Use and Institutionalized Persons Act, as well as state law.

      By order dated September 12, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP") – that is, without prepayment of fees.[1] By order dated October 3, 2024, the Court directed the Clerk of Court to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants Halstead, Narcise, Ford, Shaffer, Piacente, Dollard, and the County of Orange, issue summonses, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service. On November 19, 2024, Plaintiff filed an Amended Complaint, adding Kaitlin Menard, Vincent Murphy, E. Davis, and Armond Della Pia as Defendants. On November 25, 2024, Plaintiff filed a Second Amended Complaint.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. See 28 U.S.C. § 1915(b)(1).

On November 11, 2024, Wellpath LLC filed a voluntary bankruptcy petition, automatically staying this case. As of May 7, 2025, the automatic stay was lifted. By order dated May 12, 2025, the Court directed the Clerk of Court to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants Murphy, Davis, and Della Pia, issue summonses, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service. On July 15, 2025, Plaintiff filed a Third Amended Complaint, adding Nicholas Gessner, Bryce Sotelo, J. Murray, and Paul Arteta as Defendants.

**A.  Service on Menard, Gessner, Sotelo, Murray, and Arteta**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service of the Third Amended Complaint on Defendants Menard, Gessner, Sotelo, Murray, and Arteta, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for them. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants Menard, Gessner, Sotelo, Murray, and Arteta.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

**B. Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Local Rule 33.2 Interrogatories & Requests for Production of Documents - Prisoner Cases." Within 120 days of the date of service, Gessner, Sotelo, Murray, and Arteta must serve responses to those standard discovery requests. In their responses, those defendants must quote each request verbatim.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Menard, Gessner, Sotelo, Murray, and Arteta; complete the USM-285 form for them; and deliver all documents necessary to effect service of the Third Amended Complaint to the U.S. Marshals Service.

**SO ORDERED.**

Dated: July 17, 2025
White Plains, New York

*Cathy Seibel*

CATHY SEIBEL
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Kaitlin Menard
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

2. Lt. Nicholas Gessner, Shield No. 138
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

3. C.O. Bryce Sotelo, Shield No. 345
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

4. C.O. J. Murray, Shield No. 346
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

5. Sherriff Paul Arteta
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924